UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT S. WOODS,

       Petitioner,

                              Case No.  5:06-CV-128

v.

                              HON. ROBERT HOLMES BELL

JAN E. TROMBLEY, Warden,

       Respondent.
                                /

## ORDER SUMMARILY DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Robert S. Wood's objections to the Magistrate Judge's Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of the RULES GOVERNING § 2254 CASES because the grounds for habeas relief are procedurally defaulted or plainly without merit.

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the

Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the Magistrate Judge's finding that he failed to raise a constitutional issue with respect to the accomplice jury instruction. Petitioner contends that because the entire case hinged on an accomplice's uncorroborated testimony, the failure to caution the jury against too much reliance on the testimony of an accomplice and the failure to require corroborating testimony before giving credence to such evidence were sufficiently egregious as to infect the entire trial.

Petitioner's objection is not sufficient to warrant a different disposition of his first claim because he has failed to address the Magistrate Judge's initial finding that his jury instruction claim was procedurally barred. That finding, in itself, is sufficient to preclude review of the claim. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991). The Magistrate Judge found, in the alternative, that Petitioner's claim also failed on the merits because Petitioner could cite to no Supreme Court authority requiring that a jury be instructed in the manner Petitioner requested. Petitioner's objections also fail to challenge this determination. The Court finds, on *de novo* review, that the R&R correctly analyzed the jury instruction claim and appropriately recommended that it be summarily dismissed.

Petitioner also objects to the Magistrate Judge's finding that the denial of a continuance to secure the attendance of a witness did not rise to the level of a constitutional

due process violation. Petitioner contends that the R&R suggests that a defendant is not entitled to present witnesses in his defense, no matter what the prosecution uses against him.

Contrary to Petitioner's assertions, the R&R did not disregard a defendant's right to present a defense. The R&R correctly noted, however, that the right to present a defense is subject to reasonable restrictions, and carefully analyzed the state court's decision to deny relief on this claim pursuant to the factors outlined in *Mackey v. Dutton*, 217 F.3d 399, 408 (6th Cir. 2000). The Court agrees that the state court's decision to deny relief is not contrary to or an unreasonable application of established Supreme Court precedent, and that this claim is also subject to summary dismissal.

Petitioner has filed a motion for leave to file a non-prejudicial dismissal of his petition for habeas corpus. Petitioner requests a dismissal without prejudice so that he can return to the state court to exhaust constitutional issues he intends to bring before this Court for review.

A dismissal without prejudice is appropriate where the basis for dismissal is failure to exhaust. *See*, *e.g.*, *Acker v. Palmer*, No. 1:06-CV-766, 2006 WL 3257087 (W.D. Mich. Nov. 9, 2006) (Bell, C.J); *Walter v. Vasbinder*, No. 1:06-CV-751, 2006 WL 3063428 (W.D. Mich. Oct. 26, 2006) (Quist, J.). However, Petitioner's complaint is being summarily dismissed not because of his failure to exhaust, but because his claims are procedurally defaulted or plainly without merit. Under these circumstances a dismissal with prejudice is appropriate. *See*, *e.g.*, *Tran v. Cain*, 2006 WL 1627812, *8 & *13  (W.D. La. 2006)

3

(summarily dismissing with prejudice where claims were procedurally barred or plainly without merit). Because Petitioner's claims are procedurally defaulted or plainly without merit, Petitioner's motion for dismissal without prejudice will be denied. Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's request for habeas relief is **SUMMARILY DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the RULES GOVERNING § 2254 CASES because the grounds for habeas relief are procedurally defaulted or plainly without merit.

**IT IS FURTHER ORDERED** that Petitioner's motion to dismiss without prejudice (Docket # 5) is **DENIED.**


Date:   November 30, 2006          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE